## THE CINCINNATI AND CHICAGO AIR LINE RAILROAD COMPANY *v.* RODGERS.

PRACTICE.—The Supreme Court will disregard all defects in the pleadings which do not affect the substantial rights of the adverse party.

DAMAGES.—A party is liable for all the damages which are the proximate result of his violation of his contract; but the other party is bound to use due diligence in preventing loss.

The Cincinnati and Chicago Air Line Railroad Company *v.* Rodgers.

APPEAL from the *Madison* Circuit Court.

GREGORY, J.—Suit by *Rodgers* against the *Railroad Company* to recover damages for the violation of a contract for the transportation of hay, from certain points on the line of the defendants road to *Cincinnati*.

The complaint contains seven paragraphs, to the first of which the court sustained a demurrer, and overruled separate demurrers to the other six.

The defendant answered in two paragraphs : 1st, general denial ; 2d, a special denial of the contract, as alleged in the complaint. Reply to the second paragraph of the answer. Trial by jury ; verdict for the plaintiff for $1042 ; motion for a new trial overruled, and judgment. The evidence is in the record.

There is no exception taken to the instructions to the jury. It is insisted by the counsel for the appellant that the court erred in overruling the demurrer to several of the paragraphs of the complaint. There are several good paragraphs in the complaint, to which the evidence, in our opinion, properly applies. We are bound to disregard defects in the pleadings which do not affect the substantial rights of the adverse party. 2 G. & H., § 101, p. 122.

The appellant contends that the damages are excessive. The defendant was liable for all the damages which were the proximate result of his violation of the contract. It was the duty of the plaintiff to use due diligence in preventing loss ; but we are bound to presume that the court properly instructed on this, as well as all other points in the case, and the evidence is such as to justify the finding of the jury.

The judgment is affirmed, with one per cent. damages and costs.

*J. Davis*, for appellant.
*W. March*, for appellee.