MENGIS and others *v.* LEBANON MANUF'G Co.*

(*Circuit Court, S. D. New York.* January 24, 1882.)

1. VERDICT—WHEN COURT WILL SET ASIDE.

It is only where it is so palpable that the jury have erred as to suggest the probability that the verdict was the result of misapprehension or partiality, that the court will interfere to set aside the verdict. It is not enough that the judge might have arrived at a different conclusion, nor that there may have been a strong preponderance of evidence in favor of the defeated party.

Motion to Set Aside Verdict.

WALLACE, D. J. As one of the questions of fact in this case, the jury were called on to decide whether the plaintiff understood Mr. Meily to have general authority to represent the defendant in making a contract for the sale of cars, or understood him to be a broker for the defendant in the particular transaction. There was undoubtedly cogent evidence to show that the defendant's officers held Meily out to the plaintiffs as having general authority to bind the defendant in making such a contract; but, on the other hand, there was explicit testimony to the effect that the officers of the defendant had told one of the plaintiffs very recently that Meily was not their agent; that they would not appoint any agent; and that they acted, and intended to act, personally in such transactions. It was also fairly inferable, from the fact that plaintiffs asked for evidence of Meily's authority, that they were not satisfied to treat with him as a general agent without the proof of his agency. It was a question of credibility of witnesses whether such written authority was or was not furnished by Meily. There was also *indicia* in the transaction which might justify an inference that the plaintiffs and Meily were co-operating together more with a view to securing commissions for themselves than to obtain a satisfactory contract for the defendant. Upon the whole case, therefore, I am of opinion that a case is not made which would justify setting aside the verdict. It is not enough that the judge might have arrived at a different conclusion, nor even that there may have been a strong preponderance of evidence in favor of the defeated party. It is only where it is so palpable that the jury have erred as to suggest the probability that the verdict was the result of misapprehension or partiality, that the court will interfere.

Motion denied.

See *Brown* v. *Memphis & C. R. Co.* 7 FED. REP. 51.

*Reported by S. Nelson White, Esq., of the New York bar.