WILLIAM CRAMP & SONS SHIP & ENGINE BUILDING Co. *v.* SLOAN and another.

*'Circuit Court, S. D. New York.* August 28, 1884.)

1. CONTRACT—MEETING OF MINDS—MISTAKE—INTENTION OF PARTY.
   Where there is any miscarriage in expressing the mind of a party to a contract, it would seem to be just that he should be bound by what he fairly expressed, whether he intended it as he expressed it or not.
2. PRACTICE—VERDICT—WEIGHT OF EVIDENCE.
   Where the jury do not come to their finding without competent evidence, and the verdict is not so against any great preponderance of evidence as to show that it was reached through passion, prejudice, or other improper motive, or want of consideration, and no error of law intervenes, the verdict should be sustained.

Motion for New Trial.
*William G. Choate,* for plaintiff.
*Hamilton O'Dell,* for defendant.

WHEELER, J. There was no question at the trial but that the plaintiff commenced and proceeded with the construction of two steam-ships, until stopped by the defendants, upon some understanding with them that the ships would be wanted, at the price of $570·000, when completed, for an enterprise in which they were interested, and which they hoped to carry out. The point upon which

the case turned was whether the plaintiff proceeded upon order from the defendants to build the ships for them according to the plaintiff's proposals, or at the plaintiff's own risk as to the ships being wanted for the enterprise. There was direct and positive testimony that the plaintiff proceeded upon the order of the defendants, which was corroborated by some circumstances, so that, although there was positive evidence to the contrary, the jury did not come to their finding without competent evidence. Neither was the verdict so against any great preponderance of evidence as to show that it was reached through passion, prejudice, or other improper motive, or want of consideration. The evidence upon the principal point was mostly oral and circumstantial. It was such as the parties had the right to have the jury weigh, and such as was very proper for the jury to weigh. As the parties had the right to have it weighed, so they have the right to have the result stand, unless error in law has intervened. Any other conclusion would impair the right to a trial by jury, guarantied to all parties to such causes.

The greatest doubt as to the correctness of the rulings at the trial has arisen upon that part of the instructions to the jury to the effect that, if both parties did not mutually understand that the building of the ship was to be proceeded with for the defendants, upon their contract to take and pay for them, still if the defendants gave the officers of the plaintiff, who transacted the business, fairly to understand, as prudent men in the transaction of such business, that the plaintiff might go on and build the ships for them, and they would take them at the agreed price, the defendants would be bound. This was not intended to trench upon the necessity of a meeting of the minds of the parties to make a contract. The price and kind of ships was fully agreed upon. The question was whether the contract should be proceeded with. The plaintiff could only act upon what the defendants fairly gave its officers and agents to understand. If there was any miscarriage in expressing the mind of the defendants it would seem to be just that they should be bound by what they fairly expressed, whether they intended it as they expressed it or not. Poth. Obl. 19; Story, Cont. § 86; *Adams* v. *Lindsell*, 1 Barn. & Ald. 681. As, if they had told the plaintiff to build two ships, when they intended to say, and understood that they said, to build one, it would seem to be clear that they would be holden for the two. And if they told the plaintiff to go on and build the ships, it would seem to be equally clear that they would be bound, although they did not understand that they told the plaintiffs so.

Some point is made as to the correctness of the charge to the jury, to the effect that if the defendants told the plaintiff to stop the work the plaintiff would have the right to stop, and the defendants, if the work was proceeding on their order, would be holden for what had been done. The answer sets up, in substance, that the defendants did direct that the work should cease. There is no allegation or

proof that they ever requested that it should start again. They have not claimed that they were not liable because the plaintiff did not go on and complete the ships, but have rested their defense upon the ground that they never directed or requested the plaintiff to build the ships. Perhaps it would have been more strictly correct to have submitted nothing about the stopping of the work to the jury, but, if so, as this finding was in accordance with their admission of record, the error could not harm them.

No adequate ground for disturbing the verdict appears; the motion for a new trial must therefore be overruled. Motion denied, and stay of proceeding vacated.