WUNDERLICH *v.* MAYOR, ETC., OF NEW YORK.

(*Circuit Court, S. D. New York.* February 13, 1888.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—DEFECTIVE STREETS—EVIDENCE.

In an action for personal injury, received on the streets of the defendant city, testimony was admitted, against the objection of plaintiff, on the point of due care of the streets, tending to show that defendant had about 548 miles of streets, and 845 miles of sidewalk. *Held*, that as the verdict of the jury was in favor of the plaintiff, the admission of such evidence did not prejudice him.

2. DAMAGES—INADEQUACY—PERSONAL INJURIES.

In an action for personal injury a judgment of $300 will not be set aside as inadequate, when its injustice is not apparent to every one, damages being peculiarly within the province of the jury.

At Law.   On motion for new trial.

This action was brought by Otto Wunderlich against the city of New York, to recover damages for personal injury on the street of defendant city.   Judgment for plaintiff for $300.   Plaintiff moves for new trial.

*L. Laflin Kellogg,* for plaintiff.

*David J. Dean,* for defendant.

WHEELER, J.   This action was brought to recover damages for personal injuries received by the plaintiff in consequence of being thrown from his wagon by a hole in West street.   The plaintiff's evidence tended to show that he received a severe contusion of the hip by the fall from his wagon, which affected his nervous system, and confined him to his bed most of the time, and kept him under a doctor's care for about three weeks; that he had not fully recovered, and the disability and suffering were likely to be permanent.   The evidence of the defendant tended to show that the injury was not probably permanent; and, against an objection of the plaintiff, that the defendant had about 548 miles of streets, and 845 miles of sidewalk, to take care of.   The jury returned a verdict for the plaintiff for $300 damages.

The plaintiff has moved for a new trial because of the admission of that evidence, and the smallness of the damages.   The testimony objected to was admitted upon the point of due care of the streets, on the authority of *Reed* v. *Mayor,* 31 Hun, 312.   If the ruling was wrong it did not prejudice the plaintiff, for the finding of the jury on that point was in his favor.   The verdict cannot, therefore, properly be set aside on account of that ruling.

There was no measure of damages laid before the jury by proof entitling the plaintiff to any exact, or nearly exact, sum.   It all lay in the sound discretion and judgment of the jury; and they were so instructed. Their duty was to award more or less, as they should find the injury more or less severe and permanent.   Some might think, upon the evidence, that it was slight, and others that it was quite severe.   The amount of the damages was peculiarly within the province of the jury, and their finding on that subject should not be disturbed, unless, as was said by KENT, C. J., in *Coleman* v. *Southwick,* 9 Johns. 45, it was so outrageous as to strike every one with its enormity and injustice.   *Leeds* v. *Gas-Light Co.,* 90 N. Y. 27; *Hayward* v. *Newton,* Strange, 940; *Barker* v. *Dixie,* Id. 1051; *Taunton* v. *Smith,* 9 Pick. 11.   That is not so in this case.

Motion for new trial denied.