DWYER *et al. v.* ST. LOUIS & S. F. R. Co.

*(Circuit Court, W. D. Arkansas.* June 29, 1892.)

1. TRIAL—INSTRUCTIONS—DIRECTING VERDICT.
   If a case is one which fairly depends upon the effect or weight of evidence, a court has no right to withdraw the case from the jury, unless the testimony be of such a conclusive character as to compel it, in the exercise of a sound judicial discretion, to set aside a verdict in opposition to it. The court may direct a verdict for the defendant, if the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such verdict, if returned, must be set aside.

2. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—DANGEROUS PREMISES—NOTICE.
   A yard master in the service of a railroad company is not required to quit the service of such company, or fail or refuse to perform the work devolving upon him, although he knew of the dangerous condition of the company's car yard, provided the same was not so far dangerous as to threaten immediate injury, or the condition of the car yard was not so dangerous but that the yard master, as a reasonably prudent man, could come to a well-grounded conclusion that he could safely perform his duty for the benefit of his employer. If the above conditions exist, and the yard master is killed in the discharge of his duty, without contributory fault on his part, his wife and children may recover of the company.

3. FEDERAL COURTS—DIRECTING SPECIAL FINDINGS—FOLLOWING STATE STATUTES.
   The federal courts are not bound by a clause in the Code of a state with regard to the duty of courts to direct a jury to make special findings.

4. EXCESSIVE DAMAGES.
   A court cannot interfere with a verdict of a jury on the ground of excessive damages, unless the damages are so excessive as to lead to the conclusion that the same is the fruit of passion or prejudice. To warrant a conclusion of that kind, the damages must be shocking to the sense of justice, or it must be manifest that the same are unreasonably large.

At Law.   On motion for a new trial.   Denied.

*Rogers & Read,* for plaintiffs.

*B. R. Davidson,* for defendant.

PARKER, District Judge.   Suit against defendant by plaintiffs, as the wife and children of James Dwyer, deceased.   Recovery prayed for on the ground that defendant negligently caused the death of James Dwyer, employe of defendant, in the capacity of yard master, at Ft. Smith, Ark.   Jury trial had   Verdict for plaintiff for $17,820.   Defendant, by its counsel, files a motion for new trial.   The first ground of said motion is that the court erred in overruling defendant's motion to require plaintiffs to elect on which count of complaint they would rely. There is no error in this action of the court.   The plaintiffs relied on a state of negligence created by defendant.   They simply set out in the

two counts of their complaint the facts upon which they relied to show a condition of negligence. There is here but one cause of action, and it arises from the negligence of defendant in killing James J. Dwyer. But if there were two separate causes of action they might be joined, and the plaintiffs could proceed to try both of them at the same time, as, where two causes of action of the same nature exist, they may be joined in the same complaint. Section 5014, Mansf. Dig. Laws Ark. par. 6, which provides "that all claims arising from injuries to persons or property may be joined," and, when so joined, they may, of course, be tried in the same suit; so I can see nothing in this ground for a new trial.

The second ground is that the court erred in admitting testimony over objection of defendant, and the third is that the court erred in excluding testimony offered by defendant. I do not consider either of these causes as having any weight, especially as no specific errors of this kind have been pointed out by counsel.

The fourth cause is that the court erred in overruling defendant's motion to instruct the jury to find the issues for the defendant. This cause is not one upon which a new trial can be granted, because there were facts on the side of plaintiff of such proving power as made it necessary that they should be passed on by the jury. The case is not of that character that can be taken by the court from the jury. It is one which, in my judgment, fairly depends upon the effect or weight of evidence, and such a case could not be withdrawn from the jury, unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict in opposition to it. *Insurance Co.* v. *Doster*, 106 U. S. 30, 1 Sup. Ct. Rep. 18; *Insurance Co.* v. *Lathrop*, 111 U. S. 612, 4 Sup. Ct. Rep. 533; *Township of Montclair* v. *Dana*, 107 U. S. 162, 2 Sup. Ct. Rep. 403. If the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court may direct a verdict for the defendant. Such is the rule laid down in *Randall* v. *Railroad Co.*, 109 U. S. 478, 3 Sup. Ct. Rep. 322; *Marshall* v. *Hubbard*, 117 U. S. 415, 6 Sup. Ct. Rep. 806; *Harris* v. *Railroad Co.*, 35 Fed. Rep. 116; *North P. R. Co.* v. *Commercial Nat. Bank*, 123 U. S. 727, 8 Sup. Ct. Rep. 266. I am not able to say that the facts in this case warrant the application of the rule asked for by defendant.

The fifth cause for new trial is that the court erred in giving its charge to the jury as the law of the case over the objection of the defendant, the objectionable provisions at the time being specified or pointed out. Without dwelling in detail on the charge of the court as given, and on the propositions the court refused to give, I think the law was clearly and fully declared. To my mind, both reason, justice, and authority sustain the charge of the court. The following part of the charge is in relation to the fact that deceased was not called on either to quit the service, or fail or refuse to perform the work devolving on him, although he knew of the dangerous condition of defendant's car yard, provided the same was not so far dangerous as to threaten immediate injury, or

the condition of the yard was not so dangerous but that the deceased, James J. Dwyer, as a reasonable and prudent man, as he was, could come to a well-grounded conclusion that he could safely perform his duties for the benefit of his employer. If that was the case, then he acted with prudence and care, as measured by the acts of a man possessing these characteristics. In such a case, there would not be that case of patent, flagrant danger that would signal deceased to take no chances, or, if he took them, he did so at his peril. If the danger was no greater than that described in the charge of the court, then reasonable and prudent men in the performance of duty would confront such danger, and what such men would do, under such circumstances, the deceased might do without being chargeable with contributory negligence, as the rule for his guidance is derived from what reasonable men would do under the same circumstances. The above remarks apply with equal force to that part of the charge relating to the construction of the foreign fruit car, upon which rests one ground of the negligence of the defendant, as set out in the complaint. The authorities sustaining this principle are very numerous. The proposition is very clearly stated by Judge WALLACE in *Railroad Co.* v. *Young*, 49 Fed. Rep. 723, and many authorities are there referred to as sustaining the principle. Beach, Neg. 373, and notes; *Soeder* v. *Railway Co.*, 100 Mo. 673, 13 S. W. Rep. 714; *Huhn* v. *Railway Co.*, 92 Mo. 440, 4 S. W. Rep. 937.

The sixth cause is that the court erred in refusing instructions asked for by defendant numbered 6, 8, 9, and 10, and requiring instruction No. 10 to be qualified before giving same. There is no error in this, as the law relative to the case was fully given in the charge of the court, and the propositions asserted as named in this cause for new trial were properly refused.

The seventh cause is that the court erred in refusing to require the jury to make special findings as requested by defendant. The court is not bound by the clause of the Code of the state, in regard to the duties of courts, to direct special findings. In a case of this kind such findings can answer no good purpose. They may be used to put the jury in an inconsistent position, and thus afford a ground for an attack on their verdict by the court. It was no error for the court to refuse to instruct the jury to make special findings. *Association* v. *Barry*, 131 U. S. 120, 9 Sup. Ct. Rep. 755; *Railroad Co.* v. *Horst*, 93 U. S. 291; *Nudd* v. *Burrows*, 91 U. S. 426.

The eighth cause is that the verdict was contrary to and not supported by the evidence. I am not prepared to say that the verdict was against the evidence, or rather against its preponderance, nor can I correctly assert that the position set up in the ninth cause for new trial, that the verdict is contrary to the law as given by the court, is well taken.

The tenth cause is that the damages assessed were excessive, appearing to have been rendered under the influence of prejudice or passion. Excessive damages, appearing to have been given under the influence of passion or prejudice, are a good cause for a new trial, under the Code of the state. Section 5151, Mansf. Dig. At common law, if damages

given by a jury were so extravagant as to make it probable that the jury was actuated by passion or prejudice, a verdict might, upon this ground, be set aside. *Shumacher* v. *Railroad Co.*, 39 Fed. Rep. 174, and authorities there referred to. This is, substantially, the rule of the statute. When can a court interfere with a verdict on this ground? When can a court say the amount of damages is so excessive as to lead to the conclusion that the same is the fruit of passion or prejudice? The answer is, when the same is shocking to the sense of justice, or it is manifest the same is unreasonably large. *Railroad Co.* v. *Cella*, 42 Ark. 528.

Is that the case here? Is a verdict of $17,820, as the compensatory price of the life of a man like Mr. Dwyer, so large as to shock the sense of justice? Or is it unreasonably large? He was a man of large experience in his calling. He was prudent, sober, industrious, careful with his earnings, devoted to his occupation, faithful in all respects to his family, with ability to earn from $85 to $90 per month. Physically, he was a strong, healthy man, with, according to the evidence, a life expectancy of 32 years. What is the life of such a man worth to his family? Take his earnings at $85 per month for 32 years, and you have $32,640. Or take off 10 years for old age, disability, and loss of time, and you have for 22 years, at $1,020 per year, $22,440. Making a liberal allowance for present payment, that is, for discounting the price of a human life, and when you take what the jury found, you do not have an amount shocking to the sense of justice. Nor is it manifest from their finding such an amount that the damages are unreasonably large. This is the test for the court, and it can be governed by no other. When we have a statute so barbaric, and almost brutal, as to prohibit the consideration by the jury of that terrible agony, grief, and suffering of the faithful wife and little children for their loss by death of such a husband and father as Dwyer, we should award fairly compensatory damages. The award should be made with a reasonably liberal spirit. Under this statute, man is considered only as an animal, a beast of burden, like a horse or a mule, with nothing to be considered when he is killed by negligence but his earning capacity. Then, under such a condition, when his earning power is fairly shown, and manifestly the jury have not gone beyond it in giving damages to his wife and children, we cannot infer that they have done that which is shocking to our sense of justice, or that they acted from passion or prejudice.

The eleventh ground, based upon the allegation of newly-discovered evidence, is not sustained as required by the law. I think the law on all the propositions involved was fairly given, and the subject-matter in controversy was fully stated. The evidence pro and con was weighed by the jury. I am not prepared to say the jury could not find from the evidence the truth of the propositions as claimed by plaintiffs. Upon the whole case, I can see no ground for interfering with the verdict. The motion for new trial is therefore overruled.