DAISLEY v. DUN et al.

(Circuit Court, D. Massachusetts. February 16, 1901.)

No. 743, Law

1. NEW TRIAL—EXCESSIVE DAMAGES—LIBEL.

On a motion for a new trial, alleging excessive damages, made by the defendant in an action for libel of such a character that the court has no rules for estimating damages, the court ought not to set aside the verdict, although it is of the impression that it would not itself have awarded so large an amount, if, after full consideration, it is conscious that its mind wavers on the question whether or not the damages found by the jury are excessive.

2. LIBEL—DAMAGES.

In an action for libel, where the only element of damages is the general injury to the plaintiff's credit as a merchant and contractor, the jury is authorized to take into consideration the fact that a merchant in poor credit is ordinarily compelled to pay more for merchandise than one in good credit, and the further fact that parties who have contracts to give are reluctant to give them to persons of doubtful financial reputation.

Action at law for libel. On motion for new trial. See 98 Fed. 497.

Charles F. Choate, Jr., for plaintiff.

Carver & Blodgett, for defendants.

PUTNAM, Circuit Judge. The court has carefully considered the motion for new trial, filed by the defendant on December 20, 1900, based on the sole ground that the damages awarded by the jury are excessive. The court very carefully cautioned the jury on the issue of damages, and, from its experience with this jury at this term, the court is satisfied that it was a conservative and careful body. The verdict is probably larger than the court would itself have rendered if the question of damages had been within its jurisdiction. Nevertheless, as is usual in cases of libel, there are certain elements which it is impossible for the court to compute.

The jury was cautioned not to give undue weight to the element arising from the diminution of sales to which the plaintiff's witness testified, and the reasonable relation of that element to the question of damages was fully explained to it; but, of course, it was also authorized to take into consideration the general injury to the plaintiff's reputation as a dealer and contractor, if it could distinguish that from the element of the direct loss of trade. The jury might well have made this distinction in two directions: First, it is a well-known fact that a merchant in poor credit is ordinarily compelled to pay more for merchandise than one in good credit; and, second, it was proven that the plaintiff is a contractor, the case showing that he had taken at least one or more large building contracts. It is also a well-known fact that parties who have contracts to give are reluctant to give them to persons of doubtful financial reputation. The libel of which the defendant was guilty was one which was liable to affect the financial reputation of the plaintiff as seriously as almost any libel which could be thought of. On the whole, while the court is of the impression that it would not itself have awarded so large damages, yet, after full consideration, it is conscious that its mind wav-

ers on the question whether or not those found by the jury are exces-
sive. Therefore it is clear that the court would not be justified in
interfering with the verdict.

The motion for a new trial filed by the defendant on December 20,
1900, is denied.