OCCIDENTAL CONSOLIDATED MIN. CO. v. COMSTOCK TUNNEL CO.

(Circuit Court, D. Nevada. September 8, 1903.)

No. 708.

1. NEW TRIAL—EXCESSIVE VERDICT.

A court will not interfere with a verdict assessing damages, which it was exclusively within the province of the jury to determine, unless the amount is so excessive as to indicate passion or prejudice on the part of the jury, and cannot be accounted for in any other manner.

2. DAMAGES—BREACH OF CONTRACT—SUFFICIENCY OF PROOF.

While remote or speculative damages, based solely on conjecture, are not recoverable for breach of a contract, the plaintiff is not precluded from recovering such general damages as are shown by the testimony to have necessarily resulted from the breach, although the amount may not be made so clear and certain that it can be exactly computed.

3. SAME—EVIDENCE OF GENERAL DAMAGES.

The fact that, as the result of breach of contracts by defendant, plaintiff was prevented from working its mine without great loss, expense, and inconvenience, goes to the matter of general damages arising from the breach, and was proper for the jury to take into consideration in determining the actual loss to plaintiff, exercising their best judgment as to the amount of such loss.

At Law. On motion for new trial.

See 111 Fed. 135.

W. E. F. Deal, for plaintiff.

W. T. Baggett and F. M. Huffaker, for defendant.

HAWLEY, District Judge (orally). It was claimed by defendant upon the motion for new trial that the court erred in instructing the jury as to the measure of damages which the plaintiff was entitled to recover, if the jury should find in its favor. I am of opinion that the instructions given upon this point were as favorable to the defendant as the law would warrant. No exceptions were taken to the charge of the court as to the measure of damages. It is true that in one portion of the charge the word "deduct" was inappropriately used, but it is manifest that, notwithstanding this inadvertence, or improper use of the word, the jury could not have been misled thereby. The only debatable point, to my mind, raised by the motion for new trial, is the claim made by defendant that the verdict of the jury is contrary to the instructions given by the court as to the measure of damages in this: that the amount is excessive, and cannot be sustained, because it cannot be accounted for or reached under any principle announced by the court in its charge.

¶ 1. See New Trial, vol. 37, Cent. Dig. § 153.

Conceding that the amount of the verdict is larger than the court would have given if the cause had been tried by it without a jury, this fact alone ought not to induce the court to grant a new trial. The matter of assessing the damages is, in cases of this character, exclusively within the province of the jury to determine, and the court should never interfere with the verdict, unless the amount is so excessive as to indicate passion and prejudice on the part of the jury, and cannot be accounted for in any other manner.

The court, in considering this question, must not lose sight of the general character of the action. If the principles of law announced by the court as to the right of the plaintiff to recover under the contracts are correct, then the jury had many things to consider in regard to the general damages that might be given. The suit was brought to recover actual damages in the sum of $27,292.25, and for general damages in the sum of $100,000, alleged to have been sustained by the breach of the contract on the part of the defendant, "in that by the said wrongful acts of said defendant, and by the violation by it of said contracts, said plaintiff has been deprived of the right to drain, mine, and work its said claims on said Brunswick lode by means of said Sutro tunnel and said Zadig drift." If the verdict cannot be sustained by the evidence, it ought to be set aside, but if the jury kept within the limits of the evidence, and the verdict is not so strongly against the preponderance of the evidence as to indicate to the judicial mind that it was only reached through passion or prejudice or improper motives of any kind, and no error of law occurred, the verdict should not be interfered with by the court. Any other conclusion would impair the right to a trial by jury, guarantied to all litigants in actions of this character. Cramp & Sons S. & E. B. Co. v. Sloan (C. C.) 21 Fed. 561.

It may be that it would have been erroneous for the court to have instructed the jury that, in the event of finding a verdict for the plaintiff, interest should be added to the amount the plaintiff had expended; but I am not prepared to say that the jury, in the exercise of its discretion, had no right to consider the question of interest in assessing the damages. Lincoln v. Claflin, 7 Wall. 132, 139, 19 L. Ed. 106. While the plaintiff could not recover remote or speculative damages based solely on conjecture, it is not deprived from recovering such general damages as are shown by the testimony to have been necessarily occasioned as the result of the breach, although the amount may not be made so absolutely clear and certain as to be easy of computation. As was said by the court in Wakeman v. Wheeler & Wilson M. Co., 101 N. Y. 205, 209, 4 N. E. 264, 266, 54 Am. Rep. 676:

"One who violates his contract with another is liable for all the direct and proximate damages which result from the violation. The damages must be not merely speculative, possible, and imaginary, but they must be reasonably certain, and such only as actually follow, or may follow, from the breach of the contract. They may be so remote as not to be directly traceable to the breach, or they may be the result of other intervening causes, and then they cannot be allowed. They are nearly always involved in some uncertainty and contingency. Usually they are to be worked out in the future, and they can be determined only approximately, upon reasonable conjectures and probable estimates. They may be so uncertain, contingent, and imaginary as to be incapable of adequate proof, and then they cannot be recovered, because they

cannot be proved. But when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain."

It is usually the right of the party complaining of the breach of the contract "to prove the nature of his contract, the circumstances surrounding and following its breach, and the consequences naturally and plainly traceable to it, and then it is for the jury, under proper instructions as to the rules of damages, to determine the compensation to be awarded for the breach. When a contract is repudiated, the compensation of the party complaining of its repudiation should be the value of the contract. He has been deprived of his contract, and he should have, in lieu thereof, its value, to be ascertained by the application of rules of law which have been laid down for the guidance of courts and jurors." Holt M. Co. v. Thornton, 136 Cal. 232, 235, 68 Pac. 708; Shoemaker v. Acker, 116 Cal. 239, 245, 48 Pac. 62, and authorities there cited; Blagen v. Thompson, 23 Or. 240, 254, 31 Pac. 647, 18 L. R. A. 315; Railroad Co. v. Rodgers, 24 Ind. 103.

The object of the law in awarding damages is to make amends or reparation by putting the party injured in the same position, as far as money can do it, as he would have been if the contract had been performed. Iron Co. v. Teaford, 96 Va. 373, 31 S. E. 525; Burrell v. N. Y. S. S. S. Co., 14 Mich. 34. "The fact that the value of a contract or the advantage to be derived from it is contingent—that is, that the expected advantage depends on the concurrence of circumstances subsequently to transpire, and which may by possibility not happen—is not an insuperable objection to recovering damages for its loss. * * * The nature of the contingency must be considered. If it is purely conjectural, and cannot be reasonably anticipated to happen in the usual course of things, it is too uncertain. There must be proof legally tending to show and sufficient to satisfy the jury that it would happen." 1 Suth. on Damages, § 72. In actions of this character, "when a cause of action accrues, there is a right, as of that date, to all the consequent damages which will ever ensue. They are recoverable in one action, if they can be proved, and only one can be maintained. It may be brought at any time after the accrual of the right. The question is a practical and legal one in each case, whether the cause of action is of such a nature that the injurious consequences of the wrong complained of can reach into the future, or whether any subsequent damages will be owing to a continuous fault, which may be the foundation of a new action." 1 Suth. on Damages, § 120. Under this rule, it was admissible for the plaintiff to show that it had no other accessible means to reach its mine for the purpose of extracting ore therefrom than through the tunnel, except by sinking a shaft from the surface. The testimony of Mr. Ross, as to the expense that would be incurred in sinking a double compartment shaft with stations, could not be considered as the correct measure of damages, because the party might never sink such a shaft. It was too remote and speculative. But the fact that the mine could not be worked in any other way than from the surface was a proper matter for the jury to

take into consideration in determining what was the actual loss to the plaintiff in being deprived of working through the tunnel, as provided for in the contract.

One of the results of the breach of the contract was to prevent the parties from working in the tunnel without great loss and expense and inconvenience. This was a matter of general damage, which the jury had a right to take into consideration, and assess it in accordance with their best judgment as to what it would be.

If the amount of money which the plaintiff had advanced and lost in round figures was $27,000, the interest on that amount would raise it to about $35,000. This would leave but $15,000 for other general damages, and while the amount may seem to be large, still it cannot be said that it does not come within the measure of damages which the jury, in its discretion, deemed to be just and proper.

The motion for new trial is denied.