KOUNTZ v. TOLEDO, ST. L. & W. R. CO.

(Circuit Court, N. D. Ohio, W. D. February 29, 1908.)

1. DEATH (§§ 85, 89*)—ACTION FOR NEGLIGENT DEATH—DAMAGES—PECUNIARY LOSS.

The damages to a widow for the negligent death of her husband include, as pecuniary damages, the value of the care and attention which a husband gives a wife, though she may not recover for mental anguish.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 111, 118; Dec. Dig. §§ 85, 89.*

Mental anguish as element of damages for wrongful death, see note to Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 563.]

2. DEATH (§ 103*)—ACTION FOR NEGLIGENT DEATH—MORTALITY TABLES—EVIDENCE.

The jury, in an action for negligent death, are not bound by the accepted tables of mortality.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 103.*]

3. DEATH (§ 99*)—NEGLIGENT DEATH—EXCESSIVE DAMAGES.

A verdict for $4,000 in favor of a widow for the negligent death of her husband, 66 years old with a life expectancy of 12 or 15 years, and earning $300 per year at a healthful occupation, is not excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

At Law. Action by Charles D. Kountz, administrator, against the Toledo, St. Louis & Western Railroad Company, for damages for the negligent death of decedent, earning $300 per year. Motion for new trial denied.

C. A. Thatcher, for plaintiff.
Brown, Geddes, Schmettau & Williams, for defendant.

TAYLER, District Judge. I think this was a close case on the facts, but there certainly was testimony upon which the jury had a right to conclude that this man was killed because his foot was caught in an unblocked frog. As to the other circumstances affecting the right of recovery, the way in which he approached the track and whether or not he was engaged in the business of his employer, it was for the jury to say, under all the circumstances, what was the fact.

The verdict was rather large; and there was some misconduct of counsel. I have considered whether the misconduct was such as to justify me in setting aside the verdict. I hope I may not be required to set aside a verdict on account of the misconduct of counsel, but I came very close to the point where I felt that this was a case in which I ought to do it. I cannot feel, however, that it had such an effect on the jury as to make it proper for me to set it aside.

[1] Besides that, I take this opportunity of stating that, in a death case, I do not think such a sharp definition as counsel give to it can be made of the limitations within which a jury may rightly go in determining the damage that is sustained by one who is in such close relations to the dead man as the widow in this case. I do not mean close relations in the sense that damage ought to be given for feelings

that are hurt; but because of the relations that exist between persons so circumstanced, there is a pecuniary loss growing out of the destruction of the life of one upon whom another is measurably dependent that is not wholly determined by the money which the dead person earns. The value of the attention and of the care which a wife gives a husband or a husband gives a wife is pecuniary in the last analysis, and is a thing that can be recovered for. We distinguish it from the suffering which the one who is left endures, and for which there is no right of recovery under the statute in Ohio.

[2] Nor can we say that a jury is bound to be governed by the accepted tables of mortality. In the first place, they are not right. They furnish a basis upon which we can act with some degree of intelligence, but they are old, and, more than that, they are archaic; I mean in respect to their being truthful in a specified case.

[3] It is not for the court to say that because the jury has said the widow may recover $4,000 for the death of her husband with whom she lived—that husband 66 years old—therefore the verdict is manifestly so large as to have been influenced by passion or prejudice. I do not think it is unnecessarily large under all the circumstances of this case. Her husband might have survived the 12 or 15 years fixed by these tables. He had a healthful occupation, at least; that is to say, he was out of doors, which would be good for a man of his habit. I think that the value of that life to this woman as a mere asset is not excessively appraised at $4,000.

So the motion will be overruled.

Exception by defendant. Bond fixed at $5,000, and 60 days granted within which to file bill of exceptions.