VREELAND v. MICHIGAN CENT. R. CO.

(Circuit Court, N. D. Ohio, W. D.    December 2, 1910.)

No. 2,187.

**1. DEATH (§§ 85, 89*)—NEGLIGENT DEATH—DAMAGES.**

In an action under the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]) for negligent death, the jury, in estimating the damages to the surviving widow who is the only beneficiary, may consider the relation of husband and wife, and determine what it would reasonably have been worth to the widow in money to have had the care and advice of her husband, but may not allow damages for mental anguish as a result of her loss.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 111, 118; Dec. Dig. §§ 85, 89.*

Mental suffering as element of damages for wrongful death, see note to Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 563.]

**2. DEATH (§ 99*)—DAMAGES—EXCESSIVE DAMAGES.**

Decedent at the time of his negligent death was 45 years old with a life expectancy of 25 years. He earned from $125 to $175 per month. He had been a railroad engineer for 12 years. He had no children, and lived happily with his wife who was 38 years old. He brought his pay

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

checks to her, and she controlled the proceeds and paid the bills, and deposited the surplus of $50 a month. *Held*, that a verdict for $12,000 was not excessive.

[Ed. Note.—For other cases,. see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

3. New Trial (§ 76*)—Excessive Damages—Power of Court to Set Aside.
 The trial court may not set aside a verdict as excessive unless convinced that the jury acted from passion or prejudice.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 153–156; Dec. Dig. § 76.*]

At Law. Action by Daniel B. Vreeland, administrator of Albert Wisemiller, deceased, against the Michigan Central Railroad Company. Motion for new trial overruled.

C. A. Thatcher, for plaintiff.
Potter & Potter, for defendant.

KILLITS, District Judge: This case was tried during the present term of court under the new federal employer's liability act, resulting in a verdict for the plaintiff, administrator of the estate of Wisemiller, for the benefit of the next of kin, for $12,000, and is now before the court on a motion for a new trial, raising some questions presented to and determined by the court during the progress of the trial, with which determination the court is still satisfied, and, as further grounds, contending that the verdict is excessive, and that the court erred in its charge to the jury in stating the measure of damages by including a proposition stated in this language, quoted from the charge:

"In addition to that, independent of what he was receiving from the company, his employer, it is proper to consider the relation that was sustained by Mr. Wisemiller and Mrs. Wisemiller, namely, the relation of husband and wife, and draw upon your experiences as men, and measure as far as you can what it would reasonably have been worth to Mrs. Wisemiller in dollars and cents to have had during their life together, had he lived, the care and advice of Mr. Wisemiller, her husband."

[1] There seems to be no direct authority from an appellate court for or against the correctness of the proposition stated in the quotation above given from the charge as one of the elements of damage in behalf of a wife in an action for the death of her husband. In many cases, this element has been included for the benefit of children of a deceased parent, to the approval of a court of review, and in behalf of a wife it has been given to juries by trial courts.

In a case tried in this court, entitled Kountz, Administrator, v. Toledo, St. Louis & Western Railway Co., 189 Fed. 494, a verdict of $4,000 was rendered, and there the decedent was 66 years old, earning but $300 per year, and, had he lived the full expectation of his life, he would have received in wages but a little over $3,000. In this case, the direct pecuniary loss to the family resulting from the deprivation of decedent's earnings alone could not have reached the sum of $2,000, or one-half the amount of the verdict, computed upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his expectancy of life. The jury did not receive an instruction such as quoted from the case at bar, but, in passing upon the motion for a new trial, Judge Tayler used this language:

"I take this opportunity of stating that, in a death case, I do not think such a sharp definition as counsel give to it can be made of the limitations within which a jury may rightly go in determining the damage that is sustained by one who is in such close relation to the dead man as the widow in this case. I do not mean close relations in the sense that damages ought to be given for feelings that are hurt; but because of the relations that exist between persons so circumstanced, there is a pecuniary loss growing out of the destruction of the life of one upon whom another is measurably dependent that is not wholly determined by the money which the dead person earns. The value of the attention and of the care which a wife gives a husband or a husband gives a wife is pecuniary in the last analysis, and is a thing that can be recovered for. We distinguish it from the suffering which the one who is left endures, and for which there is no right of recovery."

The judgment was sustained by the Circuit Court of Appeals.

In the case at bar, in addition to the instructions given to the jury of which quotation has been made, the court very emphatically instructed the jury that they might not award damages by way of a balm to the widow's feelings or upon the assumption that she suffered anguish and sorrow as a result of her loss; that considerations of this sort should be dropped out of the case absolutely. In the absence of any authority which appears to the court at all controlling, we are content with the charge in this particular, and believe that the element of damage involved in it is a proper one to be left with the jury in a case of this kind, as being as susceptible of measurement in money as other elements of pecuniary damage which are well established; and that it is well within the language of the statute, in the expression that the action lies "for such injury or death resulting in whole or in part" from the fault attributable by the statute to the company.

[2] The remaining ground for a new trial has given the court some consideration only because the award of damages exceeded the court's expectation of what the jury would do under the circumstances. The facts were as follows: The decedent, Wisemiller, was an engineer of 12 years' career in that capacity, under the employment of this company; of the age of 45 years; receiving from $125 to $175 per month, according to the mileage made by him; accustomed to take 15 or 20 days' vacation each year, otherwise to remain in continuous employment. At the time of his death he had an expectancy of life of a little less than 25 years. He had no children, and apparently lived happily with his wife, the beneficiary in this case, who was 38 years old. The undisputed evidence showed that he brought his pay checks to his wife, who, as the testimony in the cross-examination disclosed, had the control and disposition of their proceeds and the spending of the money; that she paid the bills and deposited what was over their personal expenses, and that their savings amounted to $50 per month.

The evidence touching the direct financial interest the wife had in her husband's earnings, in the court's judgment, justifies the verdict, especially when there is taken into consideration their very close rela-

tions and the probability that she would be his sole heir. In fact, to assume that her fair share of her husband's earnings, under the circumstances of this family, was $700 per year, representing her support and what was a fair division to her of the surplus, it w uld take almost the amount of the verdict to buy an annuity for her in that amount at either 5 or 6 per cent. for the period of his expectancy, or 25 years.

[3] The court finds itself bound by the rule that the verdict cannot be set aside in the belief that it was excessive, unless the amount of it so very greatly differs from what the court's idea is of a just award as to convince the court that the jury acted in passion or prejudice. Nothing in this record suggests that the jury disregarded the court's explicit admonition to adjudge the rights of the parties calmly and dispassionately; and, in fact, the amount of the award measures so closely to what might be said to be proper, having regard only to his earning capacity, that one might almost say that the jury had not given any consideration to that portion of the court's charge wherein they were given leave to include as a measure of damages their estimation of the value of the care and advice of the husband to the wife.

The motion for a new trial is overruled, with exceptions.