# SANTOS MALDONADO, Plff.,

*v.*

# NEW YORK & P. R. S. S. COMPANY, Dft.

---

San Juan, Law, No. 1285.

NEW TRIAL.

Damages—Neglect of Cure.

    1. A plaintiff is under the duty of diminishing damages suffered so far as he reasonably can. He cannot increase his damages by neglecting means of cure.

NOTE.—On excessiveness of verdicts in actions for personal injuries other than death, see note in L.R.A.1915F, 30.

Maldonado v. New York & P. R. S. S. Co.

New Trial—Excessive Damages.
> 2. A court can set aside a verdict where the jury probably acted with prejudice, passion, mistake, or from some other improper cause, and the court must be satisfied that a different result would probably follow a second trial.

Opinion filed July 10, 1919.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. Charles Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The evidence in this case satisfied the jury that the plaintiff, while working on a ship of the defendant, was injured by a stairway which it was his duty to descend, and that this was due to the negligence of the defendant. A motion for a new trial was made on several grounds, but the one insisted upon is that the evidence shows the hernia which resulted to plaintiff could probably have been cured if the plaintiff had submitted to a surgical operation which was offered him at the instance by the defendant.

1. There is no doubt that a plaintiff, whether in a suit of this character or any other, is under the duty of diminishing the damages suffered so far as he reasonably can. If a man suffers injury for tort of another, he has not the right to increase his damages by neglecting means of cure, particularly if offered to him. On the other hand there is no standard by which sufferings can be measured, and in the case at bar the evidence shows that an injury of this character brings with it great pain.

Maldonado v. New York & P. R. S. S. Co.

The plaintiff is in the nature of a stevedore and earned $20 a week. It is to be supposed that his sufferings were acute as anyone else's. The evidence is that the pain is less so long as one is recumbent, and that the plaintiff was confined to his bed for thirty or forty days. Even supposing that he ought to have accepted the offer of a surgical operation, whose result, it is to be remembered, was not guaranteed, nevertheless this would not have removed the previous sufferings or indeed the immediate after effects of the operation itself. Can the court say that, taking every other consideration out of the case, a verdict of $1,000 is excessive for such sufferings?

2. Courts have a legal right to grant a new trial for tort on the ground of excessive damages. Parker v. Lewis, Hempst. 72, Fed. Cas. No. 10,741a; Felt v. Puget Sound Electric R. Co. 175 Fed. 477. It is within the province of the court to set aside a verdict which does not reach a substantially just conclusion, when there is ground for the belief that the jury acted with prejudice, passion, mistake, or from other improper cause. Stafford v. Pawtucket Haircloth Co. 2 Cliff. 82, Fed. Cas. No. 13,275; Dwyer v. St. Louis & S. F. R. Co. 52 Fed. 87; Burch v. Southern P. Co. 145 Fed. 443. A new trial will not be granted even if the verdict is against the evidence, unless the court can see that the jury must have fallen into a mistake or been actuated by some improper motive. Alsop v. Commercial Ins. Co. 1 Sumn. 451, Fed. Cas. No. 262; Wiggin v. Coffin, 3 Story, 1, Fed. Cas. No. 17,624; Wilkinson v. Greely, 1 Curt. C. C. 63, Fed. Cas. No. 17,671; Mengis v. Lebanon Mfg. Co. 10 Fed. 665. The court must also be satisfied that a different result would probably follow from a second trial, for it is useless to go to this delay and expense if the result would be the

Maldonado v. New York & P. R. S. S. Co.

same. United States v. Chaffee, 2 Bond, 147, Fed. Cas. No. 14,773. In actions for personal injury, also, a verdict will not be set aside as inadequate unless the injustice is apparent; for the amount of damages is a question peculiarly within the province of the jury. Wunderlich v. New York, 33 Fed. 854; Occidental Consol. Min. Co. v. Comstock Tunnel Co. 125 Fed. 244.

Upon the whole, therefore, while the court might not have made the same award for damages, it cannot say that the verdict found was due to prejudice, passion, mistake, or other improper cause, or that a new trial would probably bring a smaller verdict. Vreeland v. Michigan C. R. Co. 189 Fed. 495; Daisley v. Dun, 107 Fed. 218.

It follows, therefore, that the new trial must be denied.

It is so ordered.