## ADDINGTON *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 579. Submitted December 15, 1896. — Decided February 1, 1897.

The refusal of the trial court to grant a new trial cannot be assigned for error in this court.

In the trial of a person for murder the court in substance instructed the jury that while manslaughter was the intentional taking of human life, the distinguishing trait between it and murder was the absence of malice; that manslaughter sprang from a gross provocation, which rendered the party temporarily incapable of the cool reflection which would otherwise make the act murder, and that while the law did not wholly excuse the offence in such case, it reduced it from murder to manslaughter. *Held,* that this, being for the benefit of the accused, was not error of which he could complain.

An instruction in such case that if the circumstances were such as to produce upon the mind of the accused, as a reasonably prudent man, the impression that he could save his own life or protect himself from serious bodily harm only by taking the life of his assailant, he was justified by the law in resorting to such means, unless he went to where the deceased was for the purpose of provoking a difficulty in order that he might slay his adversary, is not error.

THE case is stated in the opinion.

*Mr. C. L. Addington,* plaintiff in error, in person.

*Mr. Solicitor General* for defendants in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The plaintiff in error, C. L. Addington, and one T. D. Buchannon, "late of the Choctaw Nation, Red River County, Indian Territory," were charged by indictment in the Circuit Court of the United States for the Eastern District of Texas with the crime of having, on the 28th day of June, 1895, in said county, killed and murdered one Oscar Hodges, "a white person, and not an Indian, nor a citizen of the Indian Territory, nor a citizen of any Indian nation or tribe."

The defendants pleaded separately not guilty. Buchannon was found not guilty, and Addington was found guilty of murder as charged in the indictment. A motion by Addington for a new trial having been made and overruled, the accused was sentenced to suffer death by hanging.

Addington subsequently moved in arrest of judgment upon various grounds, and that motion was overruled.

1. The first ten assignments of error are based upon a bill of exceptions setting out simply the grounds upon which the accused asked that a new trial be granted to him. It is only necessary to say that the refusal of the court to grant a new trial cannot be assigned for error in this court. *Blitz* v. *United States,* 153 U. S. 308, 312.

2. The eleventh assignment of error relates to the instruction given upon the subject of manslaughter. That instruction was in these words: "Manslaughter, as applied to a case of this character, is the intentional taking of human life, but the distinguishing trait between manslaughter and murder is the absence of malice; it must spring from a gross provocation, and of such character as to temporarily render the party incapable of that cool reflection that otherwise makes it murder. Of course, the defendant intends to do what he does, but he

must be laboring at the time he performs the act under intense mental excitement such as would render any ordinarily prudent person for the time being incapable of that cool reflection that otherwise makes it murder. · In that state of case the law does not wholly excuse the offence; but the law, in its charity for the imperfections and weakness of human nature, reduces it from murder to manslaughter."

The statutes of the United States provide that any person who, within any of the places or upon any of the waters described in section fifty-three hundred and thirty-nine, "unlawfully and wilfully, but without malice, strikes, stabs, wounds or shoots at, or otherwise injures another, of which striking, stabbing, wounding, shooting or other injury such other person dies, either on land or sea, within or without the United States, is guilty of the crime of manslaughter." Rev. Stat. § 5341.

The accused contends that, under this statute, the taking of human life without malice, even though it be intentional, is not manslaughter unless the act be done "unlawfully and wilfully"; and that the instruction given was erroneous in that it did not instruct the jury that before they could convict of manslaughter it must appear from the evidence that the killing was not only intentional, but was unlawful and wilful.

The only purpose of the court in this part of its charge was to bring out the distinction between murder and manslaughter, and to inform the jury that they could not find the accused guilty of murder if the killing, although intentional, was without malice. This was for the benefit and not to the prejudice of the accused.

But it is said that the accused may have killed his adversary in self-defence. The court did not overlook this part of the case. It further instructed the jury: "The homicide becomes justifiable when the party that is charged with taking human life has been unlawfully assaulted himself by his adversary, and is placed in a position of peril where his life is about to be taken, or serious bodily harm is about to be done him, or, from the acts of his adversary, it reasonably indicates to the defendant, or would reasonably indicate to

the mind. of any other person situated as the defendant was, an intention, coupled with the ability, upon the part of his adversary, to take his life or do him serious bodily harm; in that state of the case it is his duty to avoid the threatened danger if he can, but he is authorized to use all reasonable means at his command to avert the threatened danger, and, if necessary, he is authorized to go to the extent of taking human life in his own proper self-defence."

If this instruction stood alone, there might be some ground to contend that it was inconsistent with the right of self-defence, as defined in *Beard's case,* 158 U. S. 550. But the court further said : "If you believe from the testimony that the said Addington was attacked by said Hodges without having produced the occasion for the assault, and that the acts of Hodges then showed to the mind of Mr. Addington, situated as he was, a present intention upon the part of Hodges either to take his life or do him serious bodily harm, or that it would have produced that impression upon the mind of any reasonably prudent person situated as Addington was that Hodges was then about to kill him or do him serious bodily harm, and you further believe that the means he used were the only reasonable means at his command to avert the threatened danger, and that he only fired in his own actual self-defence, not actuated by malice, and did not go there for the purpose of provoking this difficulty for the purpose of killing Hodges, you will find the defendant not guilty as charged in this indictment." This instruction is not liable to the objection that it recognized Addington's right to take the life of his adversary only upon its appearing that he was in fact in actual danger of losing his own life or of receiving serious bodily harm. On the contrary, the court said, in substance, that if the circumstances were such as to produce upon the mind of Addington, as a reasonably prudent man, the impression that he could save his own life, or protect himself from serious bodily harm, only by taking the life of his assailant, he was justified by the law in resorting to such means, unless he went to where the deceased was for the purpose of provoking a difficulty in

order that he might slay his adversary. In so instructing the jury no error was committed.

We find no error of law in the record to the prejudice of the accused, and the judgment must, therefore, be

*Affirmed.*