COPPER RIVER & N. W. RY. CO. et al. v. REEDER.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1914.)

No. 2299.

1. APPEAL AND ERROR (§ 522*)—RECORD—FORM.

Where the record contained so-called minutes of the trial, including motions for a nonsuit and for a directed verdict, followed by a so-called transcript of the testimony, commencing with the usual form of introduction to a bill of exceptions, and followed by a certificate, settling, allowing, and certifying it as a bill of exceptions, and a certificate to the bill of exceptions, the motions for a nonsuit and for a directed verdict were not a part of the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2367–2371; Dec. Dig. § 522.*]

2. EXCEPTIONS, BILL OF (§ 56*)—RECORD—AUTHENTICATION.

Where, though motions for a nonsuit and a directed verdict were apparently filed with the proceedings during the course of the trial, the validity of the court's rulings thereon and the allowance of exceptions thereto were not authenticated by the trial judge, they could not be treated as a bill of exceptions, especially where no testimony accompanied them.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. § 56.*]

3. EXCEPTIONS, BILL OF (§ 20*)—FORM OF BILL.

Under Code Civ. Proc. Alaska, § 220, defining an exception as an objection taken at the trial to a decision upon a matter of law, section 221, providing that the point of the exception shall be particularly stated, and may be delivered in writing to the judge or entered in his minutes, and section 223, providing that the statement of the exception when settled and allowed shall be signed by the judge, filed with the clerk, and taken to be a part of the record, such a statement constitutes a "bill of exceptions."

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 21–28; Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 1, pp. 783, 784.]

4. EXCEPTIONS, BILL OF (§ 56*)—AUTHENTICATION—NECESSITY OF SEAL.

Under such sections a bill of exceptions is sufficiently authenticated by the trial judge's signature without the seal of the court or judge.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. § 56.*]

5. EXCEPTIONS, BILL OF (§ 24*)—SCOPE AND CONTENTS.

A bill of exceptions may be perfected, settled, and allowed, involving but a single point, or more than one bill may be allowed in a single case, or all the points relied upon may be incorporated in a single bill.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 31; Dec. Dig. § 24.*]

6. APPEAL AND ERROR (§ 181*)—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS AND EXCEPTIONS.

In order that a party may avail himself of an alleged error committed at the trial of an action at law in an appellate tribunal, the objection must be made, the ruling of the court had, and the exception saved at the time of the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1141–1151, 1157, 1158, 1160; Dec. Dig. § 181.*]

7. EXCEPTIONS, BILL OF (§ 56*)—RECORD—AUTHENTICATION.

Where the record contained a bill of exceptions followed by a certificate settling, allowing, and certifying it, and a certificate to the bill of excep-

tions, following which were requested instructions, exceptions to the instructions, the verdict, motions for a new trial, the order denying such motions, the judgment, the orders allowing a writ of error, including the assignments of error and citation following which the certificates and allowance of the bill of exceptions were again printed, they added nothing to the authentication of the matters following the bill of exceptions.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. § 56.*]

**8.** APPEAL AND ERROR (§ 272*)—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS AND EXCEPTIONS.

Where the record showed the allowance, on May 5th, of exceptions to the instructions in a case, the trial of which ended on April 26th, and did not show that the exceptions were saved prior to May 5th, or that they were saved at the trial, they could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. § 272.*]

**9.** APPEAL AND ERROR (§ 701*)—CONTENTS—INCORPORATION OF EVIDENCE.

A bill of exceptions, complaining of instructions, could not be considered, where it contained no evidence from which it could be determined whether they were proper or improper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2933–2935; Dec. Dig. § 701.*]

**10.** APPEAL AND ERROR (§ 671*)—CONTENTS—INCORPORATION OF EVIDENCE.

Where separate bills of exceptions are settled and allowed in the same case, each must be complete in itself, and the evidence contained in one bill cannot be considered in reviewing the matters complained of in another bill.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

**11.** NEW TRIAL (§§ 68, 76*)—DISCRETION OF COURT.

A motion for a new trial for insufficiency of the evidence or excessiveness of the damages is addressed to the sound discretion of the trial court.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 135–140, 153–156; Dec. Dig. §§ 68, 76.*]

**12.** APPEAL AND ERROR (§ 938*)—ALLOWANCE AND SETTLEMENT.

Where the record did not show why a bill of exceptions was settled, allowed, and certified by a judge other than the trial judge, it would be assumed that a sufficient reason existed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3795–3803; Dec. Dig. § 938.*]

**13.** APPEAL AND ERROR (§ 694*)—RECITALS THAT ALL EVIDENCE IS INCLUDED.

A denial of motions for a nonsuit and a directed verdict could not be reviewed, where the certificate of the judge settling and certifying the bill of exceptions contained no statement that the bill contained all the testimony given at the trial or bearing upon such motions, though the bill contained a statement by the stenographer that it was a full and correct transcript of the shorthand notes taken at the trial, since the verity of the extended transcript must be authenticated by the trial judge under his own hand, especially as the bill might contain a full and correct transcript of the shorthand notes, and yet not comprise all the testimony in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2910, 2915; Dec. Dig. § 694.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

14. EVIDENCE (§ 353*)—ACTIONS FOR INJURIES.

Where, in an employé's action for injuries defendant denied the allegation of the complaint that it was a common carrier, bills of lading having some tendency, though slight, to establish this fact were properly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1404–1428, 1430, 1431; Dec. Dig. § 353.*]

In Error to District Court of the United States for the Third Division of the Territory of Alaska; Peter D. Overfield, Judge.

Action by Daniel S. Reeder against the Copper River & Northwestern Railway Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

W. H. Bogle, Carroll B. Graves, F. T. Merritt, and Laurence Bogle, all of Seattle, Wash., for plaintiffs in error.

J. H. Cobb, of Juneau, Alaska, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. The plaintiffs in error were defendants below. A judgment was rendered against them, and in favor of the defendant in error, from which this writ is prosecuted. The action was for damages on account of personal injuries sustained by plaintiff, occasioned by the breaking down of the roof of the tunnel in which he was at work, thus permitting the timbers and earth and gravel to be precipitated upon him.

The complaint alleges that the defendants were doing business as common carriers; that plaintiff was in their employ at the time, namely, August 7, 1911, and was at work upon the line of railway extending from Cordova up the Copper river into the interior of Alaska. It is then further alleged that the accident by which plaintiff was injured as aforesaid was caused by the negligent failure of the defendants to furnish the plaintiff with a reasonably safe place to work; that said place was unsafe and dangerous by reason of the negligent failure of the defendants to suitably timber said tunnel and protect the workmen employed therein from the danger of cave-ins, and the falling of material constituting the roof of the bore thereof, all of which was known to the defendants, or by the use of reasonable diligence could have been so known, but was unknown to the plaintiff.

Defendants answered separately. The Copper River & Northwestern Railway Company admits that at the time it was doing business as a common carrier, but denies that the plaintiff was in its employ. The Katalla Company denies that it was doing business at the time as a common carrier, but admits that plaintiff was in its employ. Both deny the allegations of negligence. Both interpose two separate defenses: First, that the plaintiff assumed the risk; and, second, that the injury was caused by the negligence of a fellow servant.

The record as it comes here contains what are denominated "Minutes of Trial." Under this head are found minutes of the impaneling of the jury, of the swearing of certain witnesses, naming them, of the introduction of certain exhibits, of the filing of a motion for nonsuit

at the close of plaintiff's case on the part of the Katalla Company, and also on the part of the Copper River & Northwestern Railway Company, and at the close of all the testimony a motion on the part of each for a directed verdict, of the denial of each of these motions and allowance of exceptions to the ruling of the court. These motions are then set out in full, and all appear to have been filed April 25, 1913. Under the same title, "Minutes of Trial," it appears that on April 26th arguments of counsel were had, and the jury, having retired for deliberation, in due time returned a verdict, which verdict is set out in the record.

Thereafter the record contains what is styled "Transcript of Testimony," etc. After entitling the cause, the record recites:

"Be it remembered that the above-entitled cause came on duly and regularly to be heard * * * on Thursday, the 24th day of April, 1913, at 10 o'clock a. m., before the Honorable Peter D. Overfield, Judge of said court and a jury"

—in the usual form of introduction to a bill of exceptions. Thereafter the record contains the examination of some of the jurors and the ruling of the court touching their competency to sit, some exceptions being reserved. Then follows what appears to be the testimony of the witnesses. At the close of plaintiff's testimony, and when the plaintiff had rested his case, the record shows that the defendants each filed a separate motion for a nonsuit, which motions were argued, and nonsuit refused by the court, and exceptions were allowed. Thereafter follows the testimony of the defendants. At the close of the case the record shows that the defendants filed separate motions for a directed verdict. These motions, after argument, were denied, and exceptions allowed. Then follow the instructions of the court, and thereafter are appended, as appears from the record, two certificates of Fred M. Brown, Judge, one settling, allowing, and certifying the bill of exceptions, and the other entitled "Certificate to Bill of Exceptions." Thereafter the transcript of record contains plaintiff's requests for instructions in two items of the same designation, instructions requested by Copper River & Northwestern Railway Company, instructions requested by Katalla Company, and defendants' exceptions to the court's instructions to the jury. Under this head there appear 21 exceptions, and at the foot thereof this recital:

"Exceptions allowed this the 5th day of May, A. D. 1913. Peter D. Overfield, Judge."

Following this are the verdict and motions for a new trial on the part of each of the defendants, order denying motions for new trial, and the judgment. Then follow the usual orders attending the allowance of a writ of error, including the assignments of error and citation. To all this are again appended the two orders, one allowing, settling and certifying bill of exceptions, and the other entitled "Certificate to Bill of Exceptions." Thereafter appear transcripts of exhibits, supposedly such as were introduced in evidence.

The defendant in error has filed a motion here to strike from the transcript the motions of the Katalla Company and the Copper River

& Northwestern Railway Company for nonsuit and directed verdict, for the reason that they are not embodied in the bill of exceptions, and, further, for the same reason, to strike from such transcript plaintiff's requests for instructions, instructions requested by both the Copper River & Northwestern Railway Company and the Katalla Company, and their exceptions to the court's instructions, also the motion for a new trial made on behalf of each of said companies. The defendant in error also moves the court to strike from the transcript the document or paper entitled "Transcript of Testimony," etc., for the reason that said transcript, although intended as a bill of exceptions, is not signed by the judge of the court below, or otherwise properly authenticated so as to become a part of the record on writ of error.

[1, 2] The first questions to be disposed of arise upon the motion to strike parts of the transcript of record because not incorporated in the bill of exceptions. The motions for a nonsuit and for a directed verdict are clearly not so incorporated. While they appear to have been filed with the proceedings during the course of the trial, the verity of the court's rulings respecting them, and the allowance of the exceptions, is not authenticated by the judge, and they cannot within themselves be termed a bill of exceptions, or treated as such. Furthermore, standing by themselves, they are wholly futile in bringing error to this court because no testimony accompanies them, and, without the testimony, no error can be made to appear touching the ruling of the court concerning them. The motion to strike as to these motions must be allowed.

Neither is any part of the record following the first two certificates of the judge, settling, allowing, identifying, and certifying the purported bill of exceptions, the first contained in the record, a part of such bill. We say "purported" to distinguish this from the supposed bill of exceptions contained further on in the record, now to be noted.

[3, 4] It seems to be the contention of counsel for plaintiff in error that the requested instructions of the two defendant companies, together with the 21 exceptions noted thereto, and the allowance of such exceptions by the judge, constitute within themselves a bill of exceptions, and should be so treated. This contention is based upon the provisions of the Alaska Code, citing sections 1053 and 1055 of the Compiled Laws of the territory of Alaska. These statutes are sections 221 and 223 of the Civil Code of Procedure adopted by Congress. 1 Federal Statutes Annotated, page 92. Section 221 provides that:

"The point of the exception shall be particularly stated, and may be delivered, in writing, to the judge or entered in his minutes, and at the time or afterwards be corrected until made conformable to the truth."

And section 223 that:

"The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause."

In this relation it should be noted that "an exception" is defined by section 220 as:

"An objection taken at the trial to a decision upon a matter of law, whether such trial be by jury or court, and whether the decision be made during the formation of a jury, or in the admission of evidence, or in the charge to the jury, or at any other time from the calling of the action for trial to the rendering of the verdict or decision."

These sections are taken bodily from the Oregon Code, and contemplate that the exceptions shall be taken at the trial and may be delivered in writing to the judge or entered in his minutes. Such a statement and exception, when settled and allowed by the judge and signed by him and filed with the clerk, shall be deemed and taken to be a part of the record. Such a statement, made in conformity with the Code, would by statutory intendment constitute a bill of exceptions. Under this Code, as under the Revised Statutes of the United States, a bill of exceptions is to be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried. Section 1932, Rose's Code of Federal Procedure. The seal of the court or judge is therefore no longer necessary for proper authentication, as it seemed to be formerly. Pomeroy's Lessee v. Bank of Indiana, 1 Wall. 592, 17 L. Ed. 638.

[5, 6] A bill of exceptions may be perfected, settled, and allowed involving but a single point in the controversy, or more than one bill of exceptions may be allowed in a single case, or, as is usually the case, all the points relied upon as error may be incorporated in a single bill of exceptions. Pomeroy's Lessee v. Bank of Indiana, supra. Lees v. United States, 150 U. S. 476, 14 Sup. Ct. 163, 37 L. Ed. 1150. In order, however, that a party may avail himself of an alleged error committed at the trial of an action at law in an appellate tribunal, it is essential that the objection be made, the ruling of the court be had, and the exception saved, all at the time of the trial. Such is the holding of the Supreme Court of Oregon.

"If a party desires to raise a question in this court," says the court [State v. Foot You, 24 Or. 61, 67, 32 Pac. 1031, 1033], "as to the competency of evidence offered in the trial court, or of any other supposed irregularity of that court, either of omission or commission, he must, at the time, make his objection, and thereby obtain a ruling of the court, and, if adverse, he must save an exception, and bring it here by a proper bill of exceptions."

Such is also the practice in the federal courts. Bates on Federal Practice, § 1140; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, 36 L. Ed. 162.

[7-10] Now, turning to this supposed bill of exceptions. The authentication in the form "Exceptions allowed this the 5th day of May, A. D. 1913," and signed by the judge, may be sufficient, but this we need not determine now. The printing of the court's certificates and allowance of the purported bill of exceptions again in the record subsequent to this supposed bill of exceptions adds nothing to its authentication. Such certificates found in such a place in the record are worthless for any purpose. The trial of the case was had extending from April 24, to 26, 1913, inclusive, and defendants' exceptions to the instructions of the court were not allowed, and presumably not saved, until May 5th. They were not filed until that date, and

there is no statement in the record whatever indicating when such exceptions were saved—manifestly not at the time of the trial. It is also a rule of practice in the federal courts that objections and exceptions to the instructions given a jury, or requested and refused, must be made and reserved before the jury retires. Bates, Federal Procedure, § 1144. For the reason, therefore, that it does not appear that the objections and exceptions to the instructions of the court were made and saved at the time of the trial and prior to the retirement of the jury, this supposed bill of exceptions is wholly nugatory. Another vital objection to such supposed bill of exceptions is that it contains no evidence taken at the trial from which the court may determine whether the instructions given or refused were proper or improper, and hence it presents no alleged errors for this court to consider. Manifestly this separate bill of exceptions cannot be considered in connection with that which precedes it in the record for the purpose of aiding its statement. Each bill of exceptions must stand upon its own statement, and will not be aided by another separate bill of exceptions, although both are settled and allowed in the same case. The motion, therefore, as it relates to the items designated "Plaintiff's request for instructions," "Instructions requested" by each of the defendants, and "Exceptions to court's instructions," must also be allowed.

[11] As it pertains to the motions for a new trial, they are addressed to the sound discretion of the trial court, and no question of the court's abuse of that discretion is presented here for our determination. The Code of Alaska relative to the subject, being section 1058 of the Compiled Laws, and section 226 of the Code of Civil Procedure as adopted by Congress, is taken again from the Oregon Code, and under the decisions of the state court a motion for a new trial, based upon insufficiency of the evidence or excessive damages, is addressed to the sound discretion of the trial court, and its decisions respecting the same are not reviewable except for a manifest abuse of such discretion. State v. Foot You, supra; State v. Gardner, 33 Or. 149, 152, 54 Pac. 809; Coos Bay Navigation Co. v. Endicott, 34 Or. 573, 578, 57 Pac. 61. And it is the doctrine of the Supreme Court of the United States that the refusal of the trial court to grant a new trial cannot be assigned for error in that court. Addington v. United States, 165 U. S. 184, 17 Sup. Ct. 288, 41 L. Ed. 679; Erie Railroad Co. v. Winter, 143 U. S. 60, 75, 12 Sup. Ct. 356, 36 L. Ed. 71.

[12] The paper entitled, "Transcript of Testimony," etc., should not be stricken. This document is sufficiently certified by the judge to entitle it to the dignity of a bill of exceptions. True, the bill of exceptions was settled, allowed, and certified by a judge other than the person who presided at the trial, but we will assume that there existed sufficient reason for that. The record does not show what the reason was.

This disposes of the last 26 of the 35 assignments of error, being all of such assignments which have relation to alleged errors of the trial court in giving and refusing instructions to the jury and in denying the motions for a new trial.

[13] It is strenuously urged, notwithstanding the motions for non-suit and directed verdicts in the transcript of record may not be considered to be incorporated in the bill of exceptions, yet that the bill of exceptions contains a sufficient statement concerning them to bring up the questions relating thereto for consideration by this court. The bill of exceptions shows that at the close of plaintiff's testimony, and when he had rested his case, the defendants each moved the court for a nonsuit, which motions were overruled and exceptions allowed. The motions themselves are not set out. The same thing is shown with reference to the motions for a directed verdict, which were interposed at the close of the entire testimony. The insuperable objection to our considering these motions in any event is that the certificate of the judge in settling the bill of exceptions and certifying the same contains no statement that such bill of exceptions contains all the testimony given at the trial, or bearing upon the question of nonsuit or directed verdict. Such is the rule both in the Oregon state court and the federal courts. Keady v. United Railways Co., 57 Or. 325, 333, 100 Pac. 658, 108 Pac. 197; Sternenberg et al. v. Mailhos, 99 Fed. 43, 39 C. C. A. 408. There is found in the bill of exceptions a statement by the stenographer, occurring at the close of the testimony, to the effect that the above is a full and correct transcript of the shorthand notes taken by him at the trial. This statement may be all true, and yet the shorthand notes taken by him at the trial may not comprise all the testimony in the case. At any rate, the certificate of the stenographer to the verity of the extended transcript is not enough. The trial judge must indicate his approval of its correctness by due authentication under his own hand. 3 Encyc. Pld. & Prac. 437.

We come the more readily to this conclusion having carefully read and digested the entire evidence contained in the record, and finding that the questions predicated upon the motions for nonsuit and directed verdict are without merit. This disposes of assignments of error Nos. 8 and 9.

[14] Assignments of error 1 to 4, inclusive, are not insisted upon here. Assignments 5 to 7, inclusive, relate to the admission in evidence, over objections, of certain bills of lading introduced for the purpose of showing that the Katalla Company was a common carrier by railway in Alaska. They have a tendency in some measure, though slight it may be, to establish that alleged fact, and were therefore pertinent.

The judgment of the trial court will be affirmed.