### YURKONIS v. DELAWARE, L. & W. R. CO.
(District Court, E. D. New York. April 27, 1914.)

NEW TRIAL (§ 162*)—EXCESSIVE VERDICT FOR UNLIQUIDATED DAMAGES—CONDITIONS TO REFUSING NEW TRIAL—REMISSION OF EXCESS.

> Where the verdict in an action for damages for a permanent injury is for a sum clearly larger than is warranted by the evidence, it is within the power of the trial court, in the exercise of its discretion to grant a new trial, to require the plaintiff to consent to a reduction as a condition to allowing the verdict to stand.

> [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 324–329; Dec. Dig. § 162.*]

At Law. Action by Matt. Yurkonis against the Delaware, Lackawanna & Western Railroad Company. On motion by defendant for new trial. Denied on conditions.

Baltrus S. Yankaus, of New York City (Thomas J. O'Neill, of New York City, of counsel), for plaintiff.

F. W. Thomson and W. S. Jenney, both of New York City, for defendant.

CHATFIELD, District Judge. The trial court has the right to set aside a verdict where passion or prejudice has plainly influenced the jury, or where feeling of some nature has improperly entered into the verdict. This power is plainly based upon the proposition that a verdict which is not according to the testimony, and therefore erroneous as a matter of law, in that it is not based upon the record, should be set aside by the trial court. The Circuit Court of Appeals has no power to reduce or increase a verdict. Southern Railway v. Hattie E. Bennett, Administratrix, 233 U. S. 80, 34 Sup. Ct. 566, 58 L. Ed. —— (United States Supreme Court, April 6, 1914). Nor is a motion grant-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing or denying a new trial reviewable, inasmuch as it is within the discretion of the trial court. Addington v. U. S., 165 U. S. 184, 17 Sup. Ct. 288, 41 L. Ed. 679; Copper River & N. W. Ry. Co. v. Reeder, 211 Fed. 280, 127 C. C. A. 648.

It has been frequently held that the amount of the verdict, being an estimate from the testimony of the money value of the loss sustained, is not within the control of the trial court, if the court's opinion happens to differ from the result reached by the jury. Southern Railway v. Bennett, supra; Occidental Consolidated Min. Co. v. Comstock Tunnel Co. (C. C.) 125 Fed. 244. This proposition is undoubtedly sound and wise. If the question of fact is left to the jury, the only consideration the trial court may give to the jury's action is to determine whether or not the verdict is *contrary to the evidence,* or to the weight of the evidence, or is invalid in some respect as a matter of law.

Yet in the case of Southern Railway v. Bennett, supra, the Supreme Court has taken as a matter of course the reduction of a verdict from $25,000 to $20,000, where the court ordered that the verdict be set aside and a new trial granted to the defendant, unless the plaintiff allowed judgment to be entered for the smaller amount. In cases where passion or feeling has affected the result, or where the testimony proves a certain limit as a maximum for the verdict, then it would seem to be a matter of law that the balance of the verdict was not sustained by testimony. A determination that a new trial would have to be granted, unless the verdict were entered at the greatest amount which the testimony would support, is but another way of exercising the discretion which the trial court undoubtedly has. To merely compel the plaintiff to grant something in the defendant's favor, in the way of stipulation, so as to avoid a new trial, is but a means of carrying out the actual determination of the court that a divisible or separable part of the verdict is supported by the evidence.

In the present case the plaintiff earned a maximum average of $900 a year. He was and is married, and if he supports his family and the home as well as he could have if working, it is impossible to consider that he will be compelled in addition to hire care and attendance to the same extent which he would if he had no family or home. He is entitled to compensation for the trouble to his own family, but not at trained nurse's wages. He is 50 years of age, and according to the testimony does and will suffer no pain. His previous occupation as a coal miner furnishes less contrast with his present situation, with eyesight gone, than would be experienced by one whose enjoyment of living depends upon ordinary use of eyesight in a more visually effective locality than in the depth of a coal mine.

The amount which the plaintiff must pay to attorneys for the conduct of this suit should not, in the case of such a large recovery, increase out of all proportion to the services rendered; nor can the court assume that the plaintiff should have an extravagant verdict upon the theory that his counsel will be allowed to keep so much that the plaintiff himself will not get the benefit of much more than if the verdict had been considerably reduced. The plaintiff testified that he came to New York, because he had here a better chance to make a living in

his present condition, than in a rural or mining district. This takes out of the question any increased expenditure to which he may be put while living in the place where he can earn more.

Upon the whole testimony it would seem that the court must decide that the record of the case has not presented any facts which would support a verdict exceeding $36,000, and that the verdict over that amount should be set aside as contrary to the testimony. This necessarily involves a new trial and the granting of defendant's motion, if the plaintiff joins upon that basis in the defendant's request. If the plaintiff desires judgment entered for the reduced amount named, that is, $36,000, then in other respects and upon all other grounds the motion for a new trial will be denied.