## TOMLJANOVICH v. VICTOR AMERICAN FUEL CO.

### (District Court, D. Maine. December 4, 1915.)

### No. 350.

1. NEW TRIAL ⊙⟞77—GROUNDS—VERDICT—DISTURBANCE.
    The court should not set aside a verdict for excessive damages, unless the result of sympathy, passion, or prejudice; and the award is clearly excessive.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 157–161; Dec. Dig. ⊙⟞77.]

2. NEW TRIAL ⊙⟞162—VERDICT—REMISSION OF DAMAGES.
    Where it appears that sympathy, passion, or prejudice has caused an excessive verdict, the federal court will sometimes order a verdict set aside and a new trial granted, unless plaintiff allows judgment to be entered for some smaller amount; it being the duty of the court in such case to permit a verdict for the largest amount the testimony will support.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 324–329; Dec. Dig. ⊙⟞162.]

3. DAMAGES ⊙⟞132—PERSONAL INJURIES—AWARD.
    A young miner, 19 years of age, suffered injuries, breaking parts of the pelvic girdle, dislocating some of the bones, causing anæsthesia and atrophy in his legs, and affecting some of his internal organs. It appear-

ed that such injuries were permanent, and at the time of the trial he had to use a crutch; it being doubtful if he could ever perform ordinary manual labor, though before the accident he had been vigorous and strong. *Held* that a 'verdict for $19,100 was excessive, and should be reduced to $15,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. ☞132.]

At Law. Action by Paul Tomljanovich against the Victor American Fuel Company. There was a verdict for plaintiff, and defendant moved for a new trial. Motion overruled, on condition that plaintiff remit part of the verdict; otherwise, sustained, and new trial granted.

A. T. Hannett, of Gallup, N. M., and Geo. C. Wheeler, of Portland, Me., for plaintiff.

Caldwell Yeaman, of Denver, Colo., and Frederick W. Hinckley, of Portland, Me., for defendant.

HALE, District Judge. This case now comes before the court upon defendant's motion for a new trial, after a verdict for the plaintiff for the sum of $19,100. The defendant alleges that the verdict is against the weight of evidence, and that the damages are excessive.

The plaintiff was a coal miner in the defendant's mine in New Mexico. He was 19 years old at the time of the injury. He was a healthy, able-bodied young man in normal physical condition. The learned counsel for the defendant urges with much earnestness that the verdict is clearly against the weight of evidence and should be set aside. Upon all the issues on which counsel have presented their arguments for and against setting aside the verdict, I find there is conflicting testimony. I cannot say that the verdict was so clearly against the weight of evidence that in view of all the conflicting testimony I ought to set the verdict aside. Within the rules of law, and within the scope of their duties, I think the jury had a right to find a verdict for the plaintiff.

[1, 2] The vital question before the court is: Were the damages excessive? The court should not set aside a verdict, unless it finds that the judgment of the jury was unduly affected by sympathy, passion, or prejudice, and that a verdict resulted which was clearly excessive in view of all the evidence. In a case where it appears that sympathy, passion, or prejudice has affected the result, a federal court sometimes orders that the verdict be set aside and a new trial granted, unless the plaintiff allows judgment to be entered for same smaller amount, for which, in the opinion of the court, the verdict may be sustained. It then becomes the duty of the court to permit a verdict for the largest amount which the testimony will support. Southern Railway v. Bennett, 233 U. S. 80, 34 Sup. Ct. 566, 58 L. Ed. 860; Occidental Consol. Min. Co. v. Comstock Tunnel Co. (C. C.) 125 Fed. 244; Yurkonis v. Delaware, L. & W. R. Co. (D. C.) 213 Fed. 537, 538.

[3] In the case at bar the evidence showed that certain parts of the pelvic girdle had been broken, and parts thereof are still out of position; that there is a dislocation of bone in the region of the

sacrum, a considerable area of anæsthesia in one of the plaintiff's legs and atrophy in one of his legs; and that the functional activities of his bladder are considerably impaired, subjecting him to great inconvenience and more or less humiliation. It is necessary at the present for the plaintiff to use a crutch. In the estimation of Dr. Thayer, the dean of the Maine Medical School, the plaintiff will never be able to resume his former occupation, and will never be able to do anything more than light work, "like keeping a peanut stand, or some such thing," as Dr. Thayer put it, and that the plaintiff will always suffer pain and inconvenience. There was considerable evidence to the contrary; but for the purposes of this motion I must assume that the jury believed the testimony adduced in behalf of the plaintiff, that they followed such evidence, and based their verdict upon it. Assuming this to be so, can the verdict be sustained? During the trial I allowed the plaintiff to strip his back and legs, and show his injuries to the jury. There was evidence of extreme suffering on the part of the plaintiff. Such exhibition of the plaintiff, and the evidence of his suffering, I think, aroused the sympathy of the jury, and induced them to award for him a greater sum than the court can sustain. The court of Maine has said that there is no precise way by which the pecuniary compensation for pain can be estimated; that latitude in judgment must be allowed the tribunal which determines it; but it is the duty of the court to say what should be regarded as the ultimate bounds, and to see that such bounds are not overstepped. Ramsdell v. Grady, 97 Me. 322, 54 Atl. 763; O'Brien v. J. G. White & Co., 105 Me. 308, 316, 74 Atl. 721.

I expressly warned the jury to be careful in the matter of estimation of damages, if they should come to that question. In spite of my instructions, I think they did exceed the limit of reason. But I must not underestimate the damages which the jury were justified in finding. The plaintiff was only 19 years old. The jury had the right to say that he may suffer permanent and painful injury for more than 40 years. It is my conclusion, however, that this verdict should not be allowed to stand for more than $15,000. Unless the plaintiff will remit all over that sum, a new trial must be granted. The entry will be:

Motion overruled, if within 30 days after the filing of this opinion the plaintiff remits all of the verdict in excess of $15,000; otherwise, motion sustained, and new trial granted.