## GOFF v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 27, 1922.)

No. 5977.

1. **Criminal law ⊕⇒1090(14)—Giving or refusal of instructions not reviewable, unless contained in the record.**
    The giving or refusal of instructions is not reviewable, unless the instructions given or requested are set out in a bill of exceptions.

2. **Criminal law ⊕⇒911, 1156(1)—Ruling on motion for new trial not reviewable.**
    The granting or refusing of a motion for new trial is within the sound discretion of the trial court, and not subject to review by an appellate court, unless an abuse of discretion appears.

In Error to the District Court of the United States for the Eastern District of Arkansas.

Criminal prosecution by the United States against Guy Goff. Judgment of conviction, and defendant brings error. Affirmed.

J. A. Comer, of Little Rock, Ark., for plaintiff in error.

Charles F. Cole, U. S. Atty., of Batesville, Ark., W. A. Utley, Asst. U. S. Atty., of Benton, Ark., and June P. Wooten, Sp. Asst. U. S. Atty., of Little Rock, Ark.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

KENYON, Circuit Judge. The indictment in this case was under section 192 of the Criminal Code (Comp. St. § 10362). There are two counts. The first charged plaintiff in error with breaking into a building used in part as a post office of the United States with intent to commit larceny therein. The second charged him with appropriating to his own use $12.94 of postal funds. Upon trial the jury found plaintiff in error guilty on the first count, and acquitted him on the second count. The case was brought here by writ of error.

The fourth and seventh assignments of error relate to claimed erroneous instructions of the court. The fifth and sixth assignments of error relate to alleged errors of the court in refusing to give certain instructions. The assignments of error recite that the defendant at the time excepted to the instructions given, and also to the refusal of the

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court to give those requested. The instructions are not set out, and, so far as appears from the record, no exceptions were taken or preserved to any instructions given, nor were exceptions taken or preserved to the failure to ·give any instructions requested. Neither the instructions as given, nor the instructions requested, appear in the record for our perusal.

The first, second, and third assignments of error are the usual assignments, that the verdict and judgment are contrary to the law, that the verdict and judgment are contrary to the evidence, and that the verdict and judgment are contrary to both the law and the evidence. These assignments raise no question for this court.

[1] The eighth assignment of error relates to the action of the court in ruling on the motion for new trial. Under this condition of the record there is nothing for this court to pass upon. Failing to embody in the bill of exceptions the instructions of the court or the instructions requested at the trial, the assignments of error with reference to them cannot be considered. By the failure of the bill of exceptions, if it can be so considered, to cover these matters, it will be assumed that the instructions were sufficient and correct. Samlin v. United States (C. C. A.) 278 Fed. 170. This eliminates assignments of error 4, 5, 6, and 7.

[2] The eighth assignment of error charges that the court erred in overruling defendant's motion for a new trial. The granting or refusing of a motion for new trial is within the sound discretion of the trial court, and is not subject to review on writ of error in appellate court. This question has been settled by a long line of decisions. Among the many we quote: Yellow Cab Co. v. Earle (C. C. A.) 275 Fed. 928; Arkansas Anthracite Coal & Land Company v. Stokes (C. C. A.) 277 Fed. 625; Holder v. United States, 150 U. S. 91, 14 Sup. Ct. 10, 37 L. Ed. 1010; Wheeler v. United States, 159 U. S. 523, 16 Sup. Ct. 93, 40 L. Ed. 244; Addington v. United States, 165 U. S. 184, 17 Sup. Ct. 288, 41 L. Ed. 679; Holt v. United States, 218 U. S. 245, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138.

In Mattox v. United·States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, Chief Justice Fuller draws a distinction between the general rule and the situation in that particular case. There are a few other cases indicating that, where no discretion had been exercised by the trial court in ruling on a·motion for new trial, an exception might be made to the general rule. No such situation, however, appears here, and the general well-established rule applies.

Because of the condition of the record, as hereinbefore set forth, there are no matters before this court for review. Notwithstanding this, we have carefully looked into the evidence and such record as is presented, and are satisfied there is ample evidence to sustain the verdict of the jury, and that there are no errors in the record which substantially affect the rights of plaintiff in error.

The judgment and sentence of the District Court is therefore affirmed.