**UNITED STATES of America, Plaintiff,**

v.

**Imogene Brady MARSHALL, Defendant.**

**No. CR–79–10–BLG.**

United States District Court,
D. Montana,
Billings Division.

May 3, 1979.

Robert L. Zimmerman, Asst. U. S. Atty., for the District of Montana, Billings, Mont., for plaintiff.

Donald W. Molloy and A. Clifford Edwards, Berger, Anderson, Sinclair & Murphy, Billings, Mont., for defendant.

### MEMORANDUM AND ORDER

BATTIN, Chief Judge.

The defendant in the above-captioned case has moved to dismiss the indictment,

by which she has been charged with voluntary manslaughter, on the ground that it fails to adequately apprise her of the crime with which she is charged and as such, under the Fifth and Sixth Amendments, is fatally defective.

The indictment by which the defendant has been charged reads as follows:

THE GRAND JURY CHARGES:

That on or about the 27th day of January, 1979, at Lame Deer, in the State and District of Montana and within the exterior boundaries of the Northern Cheyenne Indian Reservation, being Indian country, IMOGENE BRADY MARSHALL, an Indian person, upon a sudden quarrel and heat of passion, *unlawfully and willfully did kill Arthur Marshall*, an Indian person, by stabbing the said Arthur Marshall in the chest with a knife, in violation of Title 18 U.S.C. Sections 1153 and 1112. [Emphasis added.]

The crime of manslaughter is defined in 18 U.S.C. § 1112(a) as:

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary—Upon a sudden quarrel or heat of passion.

.    .    .    .    .

It is the defendant's position that the Grand Jury, in charging that the defendant not only committed those acts constituting voluntary manslaughter, as described in 18 U.S.C. § 1112(a), but also committed those acts willfully, has charged the defendant with a crime not cognizable in the courts of the United States. By including the allegation in the indictment that the defendant's acts were willfully done, the defendant contends that the Grand Jury has charged the defendant with an element of the crime of murder which is defined in 18 U.S.C. § 1111 as:

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing; .    .    .    is murder in the first degree.

It is the position of the United States that willfulness is an element of the offense of voluntary manslaughter and that the indictment in issue properly charges an offense cognizable in the courts of the United States. However, upon close examination of the authorities, it is evident that the Government's position is not well taken.

In support of its position, the Government has cited *Addington v. United States*, 165 U.S. 184, 17 S.Ct. 288, 41 L.Ed. 679 (1897), for the proposition that willfulness is an element of the crime of manslaughter. In citing *Addington*, the Government ignores the fact that the *Addington* Court was construing a statute different from the present manslaughter statute, § 1112. In *Addington*, the statute in question was former U.S.Rev.Stat. § 5341, which provided that any person who, within the special maritime or territorial jurisdiction of the United States

.    .    .    unlawfully and wilfully, but without malice, strikes, stabs, wounds or shoots at, or otherwise injures another, of which striking, stabbing, wounding or shooting or other injury such other person dies, either on land or sea, within or without the United States, is guilty of the crime of manslaughter.

In the current manslaughter statute no element of willfulness or specific intent of any kind appears. Absent the inclusion of willfulness as an element of the crime of manslaughter within the body of the statute defining the crime, *Addington* is unpersuasive.

In *Wakaksan v. United States*, 367 F.2d 639 (8th Cir. 1967), voluntary manslaughter is defined as

.    .    .    an unlawful, intentional killing committed without malice aforethought, while in a sudden heat of passion due to adequate provocation.

367 F.2d at 645.

Although *Wakaksan* instructs that intent, or mental state, is an element of manslaughter, it is apparent that the intention spoken to in that case is general in nature, lacking the premeditated, deliberate charac-

ter of an act that is specifically "willful." Manslaughter is clearly a general intent crime, requiring proof of no specific mental state as an element. Murder, on the other hand, is a specific intent crime, requiring for its proof that the homicide be done with premeditation. That willfulness is a mental state categorized as specifically intentional is borne out by *Kane v. United States*, 399 F.2d 730 (9 Cir. 1968). In that case it was stated that:

> The included crimes of murder in the second degree (18 U.S.C. § 1111) and voluntary manslaughter (18 U.S.C. § 1112), do not require a specific intent (*willful*, deliberate, malicious and premeditated), as distinguished from a general intent to kill . . . .

*Kane*, 399 F.2d at 736 (emphasis added)

 It is evident that the True Bill returned by the Grand Jury presents an anomalous charge which cannot be sustained by proof and one which cannot be properly defended. The True Bill impermissibly introduces an element of murder into the operative language of the manslaughter statute. The anomalous charge in the indictment fails to stand the test of Rule 7(c), F.R.Crim.P., which requires that

> [t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of the law which the defendant is alleged therein to have violated.

To amend the indictment by deleting the word "willful" from the charge would be to effectuate a substantive change and thus infringe upon defendant's Fifth Amendment protection against being put twice in jeopardy for the same offense and her Sixth Amendment right to be informed of the nature and cause of the accusation, in order to prepare a proper defense. *Ex Parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1886).

The True Bill returned by the Grand Jury is fatally defective in that it charges essential elements of murder and manslaughter in a single count. As neither the prosecution nor the Court can properly amend the indictment to conform to the crime sought to be charged, and as the Court cannot permit the defendant to be tried on an indictment that is constitutionally deficient, the sole alternative remaining is dismissal of the cause. As the jury for trial of this case has been empaneled and sworn, the result of which has been the attachment of jeopardy, the dismissal of the indictment must be with prejudice. Therefore,

IT IS ORDERED that the indictment in the above-captioned case be, and the same hereby is, dismissed with prejudice, as failing to properly charge the defendant with the crime of voluntary manslaughter.