## Case No. 14,968.

### UNITED STATES v. DIXON.

[1 Cranch, C. C. 414.] [1]

Circuit Court, District of Columbia. June 25, 1807.

CRIMINAL LAW — INDICTMENT FOR BURGLARY — CONVICTION OF LARCENY—RETRACTING PLEA OF GUILTY.

1. Upon an indictment for burglary, the jury may find the prisoner guilty of larceny only.

2. Upon an indictment for larceny at common law, the court may render judgment according to the statute.

3. The court will suffer the prisoner to retract his plea of guilty in a capital case, and to plead not guilty.

Indictment [against Godfrey Dixon] at common law for burglary, in the house of John Curran. The jury having retired, sent to the court to know whether they could, upon that indictment, find the prisoner guilty of stealing only, and acquit him of the burglary. THE COURT having ordered the jury to be brought into court, told them, it was in their power to find a general verdict of guilty, or not guilty, or to find specially that the prisoner was guilty of a part only of the facts which go to constitute the crime of burglary; and that if they were not satisfied as to the breaking and entering the house in the night-time, they might so find their verdict, and that he was guilty of larceny only. Whereupon the jury retired, and in a short time returned a verdict, not guilty as to the breaking and entering the

house in the night, but guilty of feloniously stealing the goods, &c. Sentence, 39 stripes, and one dollar fine. The sentence was under the act of congress, of 30th April, 1790, § 16 (1 Stat. 116).

NOTE. When Dixon was first arraigned he pleaded not guilty, and Mr. Hiort and Mr. Key were assigned as his counsel.

When called for trial his counsel informed the court that he wished to withdraw his plea of not guilty, being satisfied that the proof of his confessions were too strong to admit of any hope, and that he thought it might be the means of his obtaining a pardon, especially as he was not the principal perpetrator of the act. Whereupon THE COURT explained to the prisoner the nature of his indictment, and stated the punishment to be death, and asked him whether he fully understood the nature of the charge against him and the punishment of the crime, to which he answered in the affirmative, upon which THE COURT suffered him to plead guilty, and remanded him.

On the 25th of June he was ordered into court; and THE COURT again explained to him his offence and its punishment, and told him he had an opportunity, if he pleased, of retracting his plea, and of putting himself upon his trial; and asked him if he still persisted in pleading guilty, when he said he wished for a trial, and to plead not guilty. And THE COURT suffered him to withdraw the plea of guilty and put himself on his trial. The result of which is stated above.

---

## Case No. 14,969.

### UNITED STATES v. DIXON.

[2 Cranch, C. C. 92.] [1]

Circuit Court, District of Columbia. Dec. Term, 1813.

SALE OF LIQUORS — POWER TO GRANT LICENSE — CITY OF WASHINGTON.

An indictment will not lie against an inhabitant of the city of Washington for retailing spirituous liquors within the city.

[Cited in U. S. v. Holly, Case No. 15,381.]

Indictment [against Jacob Dixon] for retailing spirituous liquors within the city of Washington, without license under the act of Maryland, 1784, c. 37, § 24.

The case having been submitted without argument, THE COURT decided that the exclusive power of granting licenses for retailing, and the exclusive power of regulating the same, was, by the charter of Washington, vested in the corporation, and that the indictment would not lie.