### SAMLIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3746.

1. **Criminal law ⬤⟶1144(13, 14, 19)—Without bill of exceptions, evidence and instructions presumed sufficient and correct and presumed that exceptions to evidence and verdict were not saved.**

On writ of error to a conviction for crime, where there is no bill of exceptions, the court must assume that there was evidence to sustain the verdict, that the jury was properly instructed, and that accused saved no exceptions to the admission of testimony or to the form of the verdict.

2. **Indictment and information ⬤⟶191(½)—Charge of maintaining nuisance for sale sustains conviction for selling.**

Under Rev. St. § 1035 (Comp. St. § 1701), providing that the defendant may be found guilty of any offense necessarily included in that with which he is charged a verdict convicting defendant of unlawfully selling intoxicating liquor convicts of an offense within the charge of the information that he maintained a common nuisance; that is a building where intoxicating liquor was sold in violation of the National Prohibition Act (41 Stat. 305).

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Criminal law ⬤≈882—Verdict for unlawfully selling liquors held general, not "special verdict."**

In a prosecution for maintaining a common nuisance, that is, a place where intoxicating liquors were unlawfully sold, a verdict finding defendant guilty of unlawfully selling intoxicating liquors is a general verdict and not a "special verdict" which generally speaking is one in which the jury find all the facts and refer the decision on those facts to the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Verdict.]

In Error to the District Court of the United States for the District of Montana.

John Samlin was convicted of unlawfully selling intoxicating liquor, and he brings error. Affirmed.

McIntire & Murphy, of Helena, Mont., and Frank Hunter, of Miles City, Mont., for plaintiff in error.

John L. Slattery, U. S. Atty., and Ronald Higgins and Wellington H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The question presented in this case is whether the judgment of the court below should be reversed, for the reason that the verdict of the jury found the plaintiff in error guilty of a crime not charged in the information. The information alleged that on or about March 19, 1921, the plaintiff in error, at a designated place, "did then and there maintain a common nuisance, that is to say, a building where intoxicating liquor, to wit, whisky, was kept and sold, in violation of title II of the National Prohibition Act." The verdict of the jury was:

"We, the jury in the above-entitled cause, find the defendant guilty of the unlawful sale of intoxicating liquor, to wit, whisky, on the 11th and 19th of March, 1921."

[1, 2] There is no bill of exceptions. We must assume that there was evidence to sustain the verdict, that the court properly instructed the jury, and that the plaintiff in error saved no exceptions to the admission of testimony or to the form of the verdict. The inquiry is whether the verdict is compatible with the indictment. Section 1035, Rev. Stats. (Comp. St. § 1701), provides:

"In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

In 22 Cyc. 468, it is said that a conviction cannot be had of a crime—

"unless the indictment in describing the major offense contains all the essential averments of the less, or the greater offense necessarily includes all the essential ingredients of the less."

Upon that rule and the statute we think the judgment of the court below is sustainable. The offense charged in the information is the

maintaining of a common nuisance, a place where intoxicating liquor is sold. There is implied in the definition of the offense the sale of liquor in violation of law. If the plaintiff in error maintained such a nuisance—that is, if he maintained a place where intoxicating liquor was sold—he rendered himself subject to the charge of selling intoxicating liquor in violation of law. The act of any one on his premises in selling liquor in carrying on his business was imputable to him as his own act, and he was answerable therefor. The verdict is, we think, a permissible verdict under the offense charged in the information. State v. Way, 76 Kan. 928, 93 Pac. 159, 14 L. R. A. (N. S.) 603; United States v. Dixon, 1 Cranch, C. C. 414, Fed. Cas. No. 14968; United States v. Read, 2 Cranch, C. C. 198, Fed. Cas. No. 16126.

[3] It is contended that the verdict is a special verdict, and the rule is invoked that to support a conviction upon a special verdict, the verdict must find all the ultimate facts necessary to such conviction. But this is not a special verdict. Commonwealth v. Fischblatt, 4 Metc. (Mass.) 354; State v. Turner, 19 Iowa, 144. A special verdict is, generally speaking, one in which the jury find all the facts and refer the decision upon those facts to the court. Suydam v. Williamson, 20 How. 427, 432, 15 L. Ed. 978. The verdict here is general. It finds the defendant guilty of an offense which, as we have found, is included within the offense charged in the information.

The judgment is affirmed.